JAMES H. HILL, plaintiff in error, *vs.* WILLIAM O. FLEMING, defendant in error.

1. The Judge of the Superior Courts has no power by rule, in vacation, to compel an assignee in bankruptcy to turn over to a sheriff of a State Court property of the bankrupt, which was in the possession of the bankrupt when the assignee took the control of it, but which, it is claimed, had been levied upon by the sheriff by virtue of a *fi. fa.* issued from a judgment of the State Court, older than the judgment in the Bankrupt Court, by which the defendant in the *fi. fa.* was declared a bankrupt.

2. Under such a state of facts the sheriff's remedy was by action of trover, or by a proper proceeding in the Bankrupt Court, which has jurisdiction over the assignee.

Conflict of jurisdiction with United States Court. Bankruptcy. Before Judge CLARK. Chambers. Baker county. June, 1869.

On the 16th of December, 1868, Jackson, sheriff of Baker county, levied a *fi. fa.* in favor of William O. Fleming

against M. M. Mills, upon certain mules as Mills' property. Afterwards Mills was adjudged a bankrupt by the United States District Court, and James H. Hill was appointed as his assignee. Finding the mules in Mills' possession, Hill took them as such assignee. Flemming sued out before the Judge, at Chambers, a rule *nisi,* requiring Hill to show cause, on the evening of the day it issued, why he should not deliver the mules to the sheriff.

At the hearing Fleming's counsel read in evidence said *fi. fa,* with said levy upon it, and closed. It was admitted that Hill got the mules out of Mills' possession. Hill's counsel then contended that the Judge had no jurisdiction of said assignee, that the time granted for showing cause was too short, that trover or possessory warrant by the sheriff was the only remedy if any there was against Hill, and that it did not appear that the sheriff ever had possession of said mules. The Judge overruled all of said exceptions, and ordered the mules to be delivered to said sheriff. Hill says that each of his said objections was well taken, and the Judge erred in overruling them.

HINES & HOBBS, for plaintiff in error.

VASON & DAVIS, for defendant.

BROWN, C. J.

1. We are aware of no statute or rule of Court which authorized the Judge to institute such a proceeding and pass such an order, as is complained of in this case. It appears by the evidence that the assignee in bankruptcy found the property, which is the subject of this litigation, in possession of the bankrupt and took possession of it as he did the other property of the bankrupt. He, therefore, became possessed of the property in the regular course off his official duties, and could not be deprived of it by this very summary and irregular proceeding.

2. If the sheriff was entitled to the possession of the property, and, from the evidence before us, we incline to the opinion that he was, he had his remedy by action of trover,

or he might have instituted the proper proceeding in the Bankrupt Court, to which the assignee was amenable, which would have corrected promptly any error or excess of its officer.

Let the judgment be reversed.